DowNey, Judge,
concurring:
That the plaintiff is not entitled to recover the pay and allowances of a chief machinist “ from the date stated in his commission ” seems to me so evident as almost to preclude necessity for discussion. Whether another date antecedent to the date of his appointment might have been stated from which he would have been entitled to the pay of the higher rank is not for consideration. As said in the *99 Toulon case, this court can not change the commission and “ as he can not recover from the date stated in his commission he can not recover at all.”
It has been pointed out in another opinion and is conclusive that recovery can not bo had under the Toulon case, if this case were otherwise within the rule of that case, because such a conclusion must ignore other positive provisions of the law. And this case is certainly not the Downes case, a case which would be subject to serious criticism if it assumed to establish the rule that a promotion to a higher grade in violation of section 1493 was an advancement in grade or rank pursuant to law. • That case was peculiarly a case unto itself. The action taken by the President in that case was not with the report of the examining surgeons alone before him but there was also before him the recommendation of the Bureau of Medicine and Surgery submitted therewith, and his action is easily to be construed not so much, if at all, an approval of the finding of physical incapacity as an approval of the recommendation that the officer be ordered to a hospital for an operation to remove a trouble incurred in the service after which he was to be examined as to his fitness for promotion to a vacancy to be held open for him.
This action involved a large element of simple justice and the court held that the construction put on the action of the Executive was a reasonable one and that the giving of an opportunity for treatment for a temporary physical disability to be followed by a reexamination was an action not properly reviewable by this court and not necessarily in violation of any provision of law. The court might with much reason have gone further and said that the approval of the President was an approval only of the recommendation of the Bureau of Medicine and Surgery and that the examination to be had thereafter was not another and distinct examination, but rather a continuation or completion of the original examination. But however that may be, it certainly appears that the case was predicated on its own peculiar facts and, as said bv the Chief Justice in his opinion herein, these cases “ must largely depend on the facts of the particular case.” This plaintiff has no such standing before the *100 court as Downes had, he can not claim recovery under the Toulon case or, for that matter, under any other decision of this court and his promotion as of the date stated from which he seeks recovery was not only not pursuant to law but was clearly contrary to law. I concur in what has been said by my associates, without repetition, and in the conclusion reached.